United States District Court
Southern District of Texas
**ENTERED**
November 14, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD CASAREZ LOPEZ, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. H-16-3777 |
| § | |
| LORIE DAVIS, § | |
|     Director, Texas Department of § | |
|     Criminal Justice, Correctional § | |
|     Institutions Division, § | |
|     Respondent. § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner Richard Casarez Lopez's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 has been referred to this magistrate judge for a report and recommendation (Dkt. 5). The court recommends that the petition be denied with prejudice as time-barred.

**Background**

A jury convicted petitioner Lopez of aggravated sexual assault of a child and sentenced him to thirty-five years in prison. Lopez's conviction was affirmed on appeal, and his petition for discretionary review was denied on November 21, 2012. Lopez's state application for writ of habeas corpus, filed on January 17, 2014, was denied without written order on the findings of the trial court without a hearing on September 14, 2016.[1] Lopez filed this federal petition on December 19, 2016.[2]

---

[1] While the state application was pending, Lopez filed an application for writ of mandamus, which was denied. An application for writ of mandamus is not an application for post-conviction or other collateral review and thus does not toll the AEDPA limitations period. *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

[2] Lopez filed an amended brief on March 15, 2017 (Dkt. 13). Lopez's motion to order a response to his amended brief (Dkt. 12) is denied as moot because the government did respond, *see* Dkt. 19.

**Analysis**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Lopez's conviction became final when his time for filing a petition for writ of certiorari to the Supreme Court expired on February 10, 2013. Thus, his one-year federal statute of limitations expired on February 10, 2014, absent tolling. The limitation period is tolled during the time Lopez's state application was pending, from January 17, 2014 until September 14, 2016, 971 days. Therefore, Lopez had until October 10, 2016, to file his federal petition. Lopez does not present any basis for tolling of his federal statute of limitations. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances.").

Lopez does argue that he is actually innocent of the crime for which he was convicted. A valid claim of actual innocence will overcome AEDPA's time bar. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, a petitioner must present

newly discovered evidence so compelling that it would be a miscarriage of justice to let the conviction stand *even if* the trial were error free, or must present evidence of innocence so strong that the conviction would be a miscarriage of justice *unless* the trial were error free. *Schlup v. Delo*, 513 U.S. 298, 861(1995) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Lopez, who relies on conflicts in the testimony of two prosecution witnesses and the failure of his trial counsel to find unspecified exculpatory evidence, meets neither standard here.

## Conclusion

The court recommends that Lopez's petition for writ of habeas corpus be denied with prejudice as time-barred.

The parties have 14 days from receipt to file written objections. *See* Rule 8(b) of the Rule Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72. Failure to file written objections within that time may bar an aggrieved party from attacking the factual findings and legal conclusions on appeal, except for plain error.

Signed at Houston, Texas on November 13, 2017.

_____
Stephen Wm Smith
United States Magistrate Judge